

*The State Newspaper*

1001 Virginia St., East
Charleston, W.Va. 25301

Jan. 28, 2016

The Honorable Thomas E. Johnston
Judge
U.S. District Court
Robert C. Byrd Federal Courthouse
300 Virginia Street, East
Charleston, W.Va. 25329
Sent via fax and email

Re: Freedom Industries case filings

Judge Johnston,

    This letter addresses recent filings in two of the criminal cases involving the Freedom Industries chemical spill, and concerns regarding public access to documents in those – and potentially other – of those Freedom-related cases.

    In U.S. v. Reynolds, 2:14-cr-00277, the defense's sentencing memorandum (ECF 30) was recently placed under seal after initially being available to the public. As we understand it, the reason for this is that court staff determined that the document was not actually a sentencing memo, but instead was an objection to the pre-sentence investigation report by the Probation Office.

    And in U.S. v. Burdette, 2:14-cr-00276, the defense has sought to have its entire sentencing memorandum sealed, apparently because some portion of it and exhibits to it contain information from the defendant's medical records (ECF 31).

    As this court observed in U.S. v. Taylor, 5:07-cr-123, courts addressing the issue have consistently held that sentencing memoranda should not be kept under seal because the documents are "judicial records" and, absent unusual circumstances, do not contain the type of information that typically outweighs the public's right of access. See, e.g., United States v. Kushner, 349 F.Supp.2d 892, 905 (D.N.J.2005); United States v. Hirsh, No. 03-58, 2007 U.S. Dist. LEXIS 45485, at *8-12, 2007 WL 1810703 (E.D. Pa. June 22, 2007); United States v. McGrail, No. 05-cr-281-SM, 2006 U.S. Dist. LEXIS 83027, at *1-2 (D.N.H. Nov. 14, 2006); United States v. Laberge, No. 1:04-cr-487, 2005 U.S. Dist. LEXIS 43911, at *6-10 (N.D.N.Y. Aug. 26, 2005).

In the Reynolds and Burdette cases, there has been no showing that "unusual circumstances" exist which compel the court to prevent public access to the records in question. As this court has observed, a categorical approach sealing these memoranda in their entirety is not narrowly tailored to serve the governmental interest of a defendant's privacy concerns. Further, all sentencing memoranda will likely contain personal information about the defendants, and only those cases which present "unusual circumstances" will warrant confidentiality.

Regarding the sentencing memo in the Reynolds case, while some of that document makes reference to the pre-sentence report, much of the document does not, and no compelling reason has been provided for any of that memo to be placed under seal. Regarding the sentencing memo in the Burdette case, it's not clear how much of it refers to "medical records," but even if that material were determined to be deserving of confidential status, the defense counsel should be compelled to file a redacted version of its memorandum that can be made available to the public. (See U.S. v. Cannon, 43 Media L. Rep 2193).

We request that the court promptly unseal the records at issue here, and make this letter a part of the public record in both cases.

Respectfully,

*[signature]*

Ken Ward Jr.
Staff writer